Field *v.* Bissell.

## FIELD *versus* BISSELL.

Chapter 138, § 2, of R. S. requires the report of the referees under that Act to be made to the District Court for the county, within one year from the date of the agreement.

The Court intended, by that section, is the one, holding its regular session, for the transaction of its ordinary business for the county.

And a report, not made to *such Court*, within the year, is inoperative.

When *such report* is made *after the time* limited in the submission, though recommitted to the referees by the presiding Judge, this will not give them subsequent jurisdiction.

ON FACTS AGREED.

SUBMISSION, and award of referees, under c. 138, § 2, of R. S.

The submission was dated on May 10, 1850. An award thereon in favor of plaintiff, dated May 5, 1851, was made to the Court at its May term of that year, which commenced on the twenty-seventh day of the month. On the fourteenth day of the term the report was offered, and recommitted, because the defendant did not receive sufficient notice of the time appointed for the hearing, and did not attend.

On April 13, 1853, the parties, having been duly notified, appeared before the referees, the plaintiff with his proofs, and the defendant to object to any proceedings by the referees, as the year had expired in which the report was to have been made. The referees overruled the objections, heard the case on the part of plaintiff, the defendant declining to take any part in the matter, and made their award again for the plaintiff, to the acceptance of which the defendant objected.

It was stipulated that the Court should render judgment according to the legal rights of the parties.

*W. C. Crosby*, for defendant, maintained this position; that the Court has no jurisdiction or authority to accept the report offered, or render any judgment upon it, because it was not made within one year from its date, May 10, 1850, " to the Court," as the submission required.

He also maintained, that the section of the statute, under

which this submission was made, was unlike that of Massa-
chusetts, and that formerly in force in this State, and the de-
cisions on this subject would not apply.

*J. H. Hilliard,* for plaintiff.

1. The statute of 1845, c. 168, cannot be construed so as
to allow exceptions to be taken now to proceedings at the
original presentment and recommitment.

2. The report was made within the year. It bore date on
May 5, 1851, and was returnable to the Court next holden
thereafter. This was all the referees could do, and all the
law required. The law only requires the report to be *made,*
not *returned* within the year. The statute contemplates they
shall have a full year. There was no error in the action of
the referees after the report was recommitted; they then act-
ed by order of Court having jurisdiction, and the law does
not require their action within the year.

3. But if there was error in the time of the return of the
referees' doings, it should have been objected to before the
Court to which the award was returned, at the time of its
return. The Court took jurisdiction, no objection was then
taken, and it must be considered as waived. It was tanta-
mount to an agreement to prolong the time. *Whitney* v.
*Cook,* 5 Mass. 139.

4. The correctness and justice of the award is not denied,
and unless sustained, plaintiff is without remedy, on account
of the statute of limitations.

TENNEY, J. — By the R. S., c. 138, § 2, the parties may
sign and acknowledge an agreement, to submit any demand
existing between them to referees; the report of whom, or the
major part of whom, being made within one year, from the
day of the date of the agreement, to the District Court for
the county, named in the submission, the judgment shall be

These parties submitted in this mode demands claimed by
one and the other, on May 10, 1850. The referees made an
award, after two hearings of Field, at neither of which Bissell

Field v. Bissell.

was present, purporting to be signed, on May 5, 1851 ; but the Court to which it was returned did not hold its next regular session afterwards, till May 27, 1851. The report of the referees was offered on the fourteenth day of that term. The matter was recommitted for want of sufficient notice to Bissell, to appear before the referees. On a hearing afterwards of Field, Bissell appeared and denied the power of the referees, to proceed under the ·submission, on the ground that more than one year had elapsed from its date, and omitted to offer any testimony. The referees overruled the objection and made an award in favor of Field, and returned the same to Court. Bissell appeared and made objections to the acceptance thereof.

The Court, referred to, in the statute and in the submission, cannot on any proper construction be the clerk of the Court, or a Judge thereof in vacation. The report must be made to the Court when holden for the ordinary business of a session of the same, within one year from the time of the submission, in order to meet the requirement.

It is contended on the part of Field, that Bissell has waived the right to make this objection, inasmuch as the matter was recommitted on another ground, and he is to be treated as if an agreement had been made by the parties, to vary the time, when the report should be made, according to the provision of the statute, c. 138, § 6. The case does not find, that the recommitment was made upon objection in behalf of Bissell ; or that he appeared in any manner at the time the report was offered. Hence he cannot be considered as having waived any right to object, even if such waiver would have given effect to any award which the referees made.

The agreement under the statute, that the award should be made within one year, is matter of substance, and cannot be disregarded. The submission, and the award under it, when the latter was made to the Court, was entirely inoperative, and the referees had no subsequent jurisdiction.

*Proceedings dismissed.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.